**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WILLIAM PHILLIP CLYBURN, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-01683-TWP-MKK |
| | ) | |
| LOWE'S HOME IMPROVEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR RELIEF**

This matter is before the Court on a Motion for Relief from Voluntary Dismissal with Prejudice ("Motion for Relief") filed by *pro se* Plaintiff William Phillip Clyburn, IV ("Clyburn"), pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 28). Clyburn initiated this civil rights action alleging discrimination and retaliation against the Defendant, and later filed a Motion to Dismiss with Prejudice (Dkt. 25), which the Court granted on August 13, 2025 and this action was terminated (Dkt. 27). Clyburn now asks the Court for relief from the Order dismissing this action because of a misrepresentation, lack of legal counsel, and circumstances affecting his ability to freely pursue his claims. For the following reasons, the Motion for Relief is **denied**.

**I.     BACKGROUND**

Clyburn initiated this action in 2024 (Dkt. 1) and filed an Amended Complaint alleging claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act against his former employer, Defendant Lowe's Home Centers LLC (sued as Lowe's Home Improvement) ("Lowe's") (Dkt. 7). The Court screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that Clyburn's claims could proceed (Dkt. 8). The parties then attended an initial pretrial conference and began engaging in discovery.

In or around July 2025, a discovery dispute arose, and Clyburn filed a Motion to Reopen or Extend Discovery (Dkt. 23). The dispute related to correspondence from Lowe's to Clyburn dated November 8, 2023 (the "Leave Correspondence"), which states that Clyburn was approved for leave from August to November 2023 (Dkt. 23-5). Clyburn argued that the Leave Correspondence was inaccurate or possibly fraudulent, and he requested that the discovery deadline be extended so that he could serve supplemental discovery requests and possibly take depositions (Dkt. 23 ¶ 5). On August 8, 2025, the Magistrate Judge denied the Motion to Reopen as unnecessary, as the deadline to serve discovery requests had not yet passed (Dkt. 26).

That same day, August 8, 2025, Clyburn filed a Motion to Dismiss with Prejudice ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. 25). Clyburn specifically requested that the action be dismissed "**with prejudice**." *Id.* at 1 (emphasis in original). On August 13, 2025, after counsel for Lowe's indicated that Lowe's had no objection to the Motion, the Court entered an order granting Clyburn's Motion to Dismiss with prejudice and terminating the action (Dkt. 27). On March 26, 2026, Clyburn filed the instant Motion for Relief, seeking relief from the dismissal order pursuant to Rule 60(b) (Dkt. 28).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure Rule 60(b) provides that a court may relieve a party from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) new evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of judgment; (5) satisfaction of judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(6) is mutually exclusive from the other subdivisions, such that "60(b)(6) relief is available only when sections (b)(1) through (b)(5) do not apply." *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998). All motions for relief under Rule 60(b) "must be made within a reasonable

time," and motions under Rule 60(b)(1)–(3) must be filed no more than one year after final judgment. Fed. R. Civ. P. 60(c)(1). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

### III.   DISCUSSION

Clyburn seeks relief from the order dismissing this action under Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), and 60(b)(6). Lowe's argues the Motion for Relief should be denied because Clyburn has not presented any evidence warranting relief from the final judgment and because the Motion for Relief was not filed within a reasonable time. The Court will address each claim in turn and then address timeliness.

### A.   Rule 60(b)(1)

Clyburn argues that relief under Rule 60(b)(1) is appropriate because his dismissal "decision was not the product of a fully informed, deliberate and voluntary choice, but instead resulted from material misrepresentations, lack of legal counsel, and circumstances that impaired plaintiff's ability to proceed fairly." (Dkt. 28 at 1). A party seeking relief under Rule 60(b)(1) must state a meritorious defense and request relief from a mistake, inadvertence, surprise, or excusable neglect. *See Ben Sager Chems. Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977). To obtain relief under this theory, a plaintiff "must show that [he] has a meritorious claim that [he] was prevented from fully and fairly representing at trial as a result of the adverse party's fraud, misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758 (7th Cir. 2010). The Seventh Circuit has found that a "'mistake' that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009).

Clyburn first asserts that he filed for voluntary dismissal of his case with prejudice, while proceeding *pro se*, without the benefit of counsel ((Dkt. 28 at 2). While the Court is mindful that Clyburn is proceeding *pro se*, this consideration alone does not justify relief under Rule 60(b)(1) when he fails to provide any evidence justifying relief.

Clyburn then contends that the dismissal request was not "knowing or voluntary." *Id*. He then offers inconsistent statements concerning whether he understood the consequences of filing the Motion to Dismiss. On the one hand, he states in the Motion for Relief that he "fully understood that a dismissal 'with prejudice' would operate as a **final adjudication on the merits**" *Id.* (emphasis in original). On the other hand, in his accompanying affidavit, he states that "[h]ad [he] fully understood the consequences of dismissal and been free from the circumstances described [in the affidavit, he] would have continued to pursue [his] claims." (Dkt. 28-3 at 3). The reason for this discrepancy is unclear. However, even if Clyburn did not understand the consequences of the dismissal with prejudice, he would not be entitled to relief under Rule 60(b)(1) for the reasons explained below.

Although Clyburn contends that he mistakenly filed the Motion to Dismiss, the record shows that he voluntarily dismissed his claim via the Motion to Dismiss and clearly stated in the Motion that he wanted to dismiss the action "**with prejudice**" (Dkt. 25 at 2 (emphasis in original)). If his request for dismissal with prejudice was a mistake of law, he cannot avoid the consequences of his mistake, even if he did not fully understand the ramifications of his voluntary decision. Mistakes of law, carelessness, and ignorance are not enough to qualify for relief under Rule 60(b)(1). *See Nelson*, 657 F.3d at 590–91; *Ben Sager*, 560 F.2d at 809. Courts have also found that a voluntary dismissal by the movant for relief weighs against granting relief. *See Eskridge*, 577 F.3d at 809–10 (finding that the act of voluntarily dismissing the action by the movants weighed

against providing relief to the movants, despite the preclusive effect it had on the movants' ability to pursue claims related to their daughter's death); *see also Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986) (declining to provide relief from dismissal with prejudice when the stipulation for dismissal had clear language stating "this action is dismissed with prejudice and without costs against either party").

Clyburn has not alleged that he misunderstood any surrounding facts or circumstances leading to his voluntary dismissal. Instead, he claims that his decision to dismiss this lawsuit with prejudice was not voluntary because he "acted under fear and intimidation, including perceived threats to him and his family." (Dkt. 28 at 2, 4; Dkt. 28-3 at 3). However, these assertions lack sufficient support. Aside from these conclusory statements, Clyburn does not offer any evidence of any threats. It is unclear if the perceived threats that Clyburn cites even came from Lowe's, as he does not explain the substance or the source of the threats.

Courts have found that claims of fear and perceived threats without sufficient evidence are not enough to justify relief under Rule 60(b)(1), even in the case of a *pro se* litigant. *See, e.g.*, *Dalton v. Yellowbook USA*, No. 09-CV-297, 2012 WL 4094355, at *3 (N.D. Ind. Sep. 17, 2012) (rejecting *pro se* litigant's argument that there was excusable neglect due to fear under Rule 60(b)(1) since the litigant "state[d] only that she was 'extremely afraid' to file her documentation"); *Castaneda v. Gallegos*, No. 15-00847, 2016 WL 10538679, at *4 (D.N.M. Apr. 14, 2016) (denying *pro se* litigant's Rule 60(b) motion despite litigant's claims that he received threats that made him worry for his safety and his family's safety, because the litigant did not support such claims with sufficient evidence). Without some evidence, claims of fear and perceived threats are not sufficient to obtain relief under Rule 60(b)(1).

Accordingly, Clyburn's motion for relief under Rule 60(b)(1) is **denied**.

5

**B.      Rule 60(b)(3)**

A successful claim for relief under Rule 60(b)(3) requires that "a party must prove, by clear and convincing evidence, that: '(1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting [his] case at trial.'" *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir. 1995) (quoting *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995)). A parties will not meet his burden simply by stating conclusory averments that fraud exists, without also providing sufficient factual support. *Di Vito v. Fid. & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966). Additionally, a purely legal dispute does not amount to misrepresentation or misconduct. *See Provident Sav. Bank*, 71 F.3d at 699.

Clyburn does not directly address whether he maintained a meritorious claim at trial, however he does argue that the "Court should consider the November-date leave documentation as further evidence support reopening this action" (Dkt. 30 at 2). Clyburn primarily argues that he is entitled to relief because Lowe's provided false and misleading information, constituting misrepresentation and misconduct by Lowe's (Dkt. 28 at 3). His argument centers on the Leave Correspondence from Lowe's stating that Clyburn was approved for ninety-day leave (from August to November 2023), which contradicted his understanding that he had been approved for a twelve-month leave. *Id.* He points out that the Leave Correspondence is dated November 8, 2023, but discusses the approval of his leave starting in August 2023 (Dkt. 30 at 1-2). Clyburn provides a copy of the communication, as well as affidavits from his mother, partner, and himself supporting his claim that Lowe's verbally approved a twelve-month leave of absence (Dkt. 28-1; Dkt. 28-2 at 1, 3–4; Dkt. 28-3 at 2).

6

Lowe's responds persuasively that Clyburn does not explain the connection between Lowe's supposed representations about the length of his leave and how that impacted his ability to present his case or his decision to voluntarily dismiss his lawsuit (Dkt. 29 at 4). The correspondence (Dkt. 28-1) that Clyburn attaches to his Motion for Relief is the same Leave Correspondence that he attached to his Motion to Reopen (Dkt. 23-5), which predated his Motion to Dismiss (Dkt. 25). Therefore, Clyburn was aware of this alleged fraud or misrepresentation prior to his request to dismiss the case with prejudice. *Cf. McGraw v. City of Chi., Dep't of Aviation*, No. 01 C 9575, 2006 WL 8461423, at *3 (N.D. Ill. June 1, 2006) (denying a motion for relief while noting that the movant was aware of allegedly fraudulent documents prior to voluntarily choosing to settle the movant's case which led to dismissal with prejudice of the movant's claims).

The record does not establish that fraud or misrepresentation induced Clyburn to dismiss his case with prejudice; rather, the alleged fraud and misrepresentation was a purely legal dispute between him and Lowe's. Although the Court recognizes the inconsistency that Clyburn points out between the Leave Correspondence and verbal representations by Lowe's, this dispute is not something that would have prevented Clyburn from fully presenting his case at trial. It was a dispute that he had already raised in his Motion to Reopen (Dkt. 23 ¶ 5) and that he could have continued to pursue throughout the litigation if he had not chosen to dismiss the case.

Importantly, Clyburn does not claim that Lowe's engaged in any type of misconduct or made misrepresentations to get him to dismiss his lawsuit. This is fatal to his Rule 60(b)(3) claim because Clyburn must show that Lowe's alleged conduct affected his ability to present his case and impacted the dismissal from which he now seeks relief. Clyburn has not presented clear and convincing evidence that Loews engaged in fraud, misrepresentation or misconduct that prevented him from fully and fairly presenting his case, so his request for relief under Rule 60(b)(3) is **denied**.

C.     **Rule 60(b)(6)**

Relief will only be granted under the catch all provision of Rule 60(b)(6) if the movant has shown extraordinary circumstances that justify reopening a final judgment. *See Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015). Courts have held that "Rule 60(b)(6) is fundamentally equitable in nature." *Id.* at 851. Analyzing a Rule 60(b)(6) motion entails a multifactor approach that takes into consideration all the circumstances, while still bearing in mind the need for the party to show the extraordinary circumstances required for relief. *See id.* at 850–51. This provision is "even more highly circumscribed" than the other subsections of Rule 60(b), which are "already limited in application to extraordinary circumstances." *See Provident Sav. Bank*, 71 F.3d at 700. A litigant's carelessness is not enough for relief. *See id.* Additionally, courts do not favor granting relief from the movant's deliberate choices. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025).

A lack of evidence supporting the movant's claims can lead a court to deny a motion for relief. *See, e.g.*, *Ben Sager*, 560 F.2d at 810. Courts have denied relief in cases involving litigants claiming that fear kept them from taking appropriate actions when it was not clear how that fear created extraordinary circumstances justifying relief. *See, e.g.*, *Struthers v. Minooka Cmty. High Sch. Dist. No. 111*, No. 14-cv-7632, 2015 WL 8481968, at *2 (N.D. Ill. Dec. 10, 2015) (rejecting claims of extraordinary circumstances because of incapacitation by mental illness and fear due to lack of support of those claims); *Okorie v. Lentz*, No. 25-CV-5, 2025 WL 2643186, at *3 (S.D. Miss. Sep. 4, 2025) (determining that a *pro se* litigant's perceived threats from an email from a bankruptcy trustee outlining statutory powers available to the office did not classify as extraordinary circumstances meriting relief under Rule 60(b)); *Mickelsen v. Poulter*, No. 14-cv-00385, 2016 WL 9724061, at *2 (D. Idaho July 22, 2016) (denying *pro se* litigant's Rule 60(b)

motion, despite the litigant's assertion that he did not prosecute his claims due to threats he received, and noting a lack of explanation as to how the threats caused the delay).

In support of his request for relief under Rule 60(b)(6), Clyburn reiterates his prior claims that he is entitled to relief due to misrepresentations by Lowe's, concern for his safety and the safety of his family, and his lack of counsel (Dkt. 28 at 4). As stated above, Rule 60(b)(6) applies only if subsections (1)–(5) do not, so any claim of fraud, misrepresentations or misconduct by Lowe's must be addressed under Rule 60(b)(3). But even if the concern for Clyburn and his family arose from misconduct from people outside of Lowe's, his request for relief would fail. Aside from bald claims of perceived threats, Clyburn has not cited any evidence for his concern. And as discussed earlier, that Clyburn is proceeding *pro se*, without more, does not suffice because even a *pro se* plaintiff must present specific and substantiated facts demonstrating why extraordinary relief is warranted. *See Barnes v. City of Chicago*, No. 98 C 5590, 2000 WL 1745180, at *3 (N.D. Ill. Nov. 27, 2000).

Clyburn has not sufficiently proven that extraordinary circumstances exist, and his motion for relief pursuant to Rule 60(b)(6) is **denied**.

**D.    Timeliness**

Finally, Lowe's contends that the Motion for Relief should be denied for the additional, independent reason that it was not filed within a reasonable time (Dkt. 28 at 6). Federal Rule of Civil Procedure 60(c) requires that a Rule 60(b) motion must be made "within a reasonable time," and for reasons under 60(b)(1), (2), and (3), no more than one year after entry of the judgment. While it is uncontested that Clyburn's claims were brought within one year of the final judgment, Lowe's argues that the claims were not brought within a reasonable time, as required by Rule 60(c)(1) (Dkt. 29 at 6–7). Lowe's argues that the basis for Clyburn's Motion rests on facts already

known to him at the time he filed his voluntary dismissal, and Clyburn has presented no persuasive circumstance to justify the prolonged period between the dismissal and the Motion for Relief. *Id.*

Whether the movant acted within a reasonable time depends on the facts of the case, and the Court can consider the interest in finality, the reason for delay, whether a movant could have learned the information justifying relief sooner, and prejudice to the parties. *See Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986). The Seventh Circuit has noted that the one-year deadline is the "extreme limit" for determining timeliness. *Id.* A filing may still be untimely even if it is filed prior to the one-year deadline if a court considers that it was not filed within a reasonable time. *Id.* at 610–11 (finding a delay in filing of six months after dismissal, three and a half months after a party learned of the dismissal, and two months after retaining a new attorney to be unjustified); *see also Sudeikis v. Chi. Transit Auth.*, 774 F.2d 766, 769 (7th Cir. 1985) ("There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion; courts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable.").

Clyburn filed his Rule 60(b) motion more than seven months after the Order Granting Plaintiff's Motion to Dismiss (Dkt. 27). The reasons cited by Clyburn supporting his request for relief are a misrepresentation by Lowe's, lack of counsel, and fear for his safety and the safety of his family. But according to Clyburn, he already knew about the alleged misrepresentation at the time he chose to file for dismissal. Clyburn does not provide any additional evidence of these perceived threats, nor does he state why he was unable to file for relief for seven months but is able to file now. Nor does he state why a lack of counsel would lead to a seven-month delay in filing for relief.

In both his Motion and reply brief, Clyburn fails to address why he waited nearly eight months to request relief. Clyburn has not sufficiently shown there was a reason for this delay. Coupled with the Court's interest in bringing finality to this claim and avoiding prejudice to Lowe's by reopening a case that Clyburn chose to dismiss, the Court finds that the Motion for Relief was not filed within a reasonable time.

## IV.   CONCLUSION

For the foregoing reasons, Clyburn's Motion for Relief from Voluntary Dismissal with Prejudice (Dkt. 28) is **DENIED**. This action remains closed.

**SO ORDERED.**

Date:   7/14/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM PHILLIP CLYBURN, IV
266 Lagavulin Dr.
Sumter, SC 29154

Nathan A. Baker
BARNES & THORNBURG
nbaker@btlaw.com

Christopher Rubey
Barnes & Thornburg LLP
crubey@btlaw.com